UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Lonnie L. Tillery,
                Petitioner

   -against-                    CU-04-317(ARR)

James Conway, Superintendent
Attica Correctional Facility
                Respondent

PETITIONER'S ANSWER AND
MEMORANDUM OF LAW IN
OPPOSITION TO THE KINGS
COUNTY DISTRICT ATTORNEY'S
OFFICE OPPOSITION TO
PETITIONER'S HABEAS CORPUS.



RECEIVED APR 29 2004 PRO SE OFFICE

Lonnie L. Tillery
Din# 00A4366
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

# TABLE OF CONTENTS

PAGE

State Court Record..................................1

Point one-      Petitioner's statement to police
                should have been suppressed because
                he was represented by counsel on
                unrelated charges.....................2

Point two-      Petitioner was denied a fair trial
                because the prosecutor elicined that
                petitioner declined to make a video-
                tape statement........................5

Point three-    No independent source existed for
                the identifications of petitioner....8

Point four-     The evidence was legally insuffi-
                cient to support petitioner's
                conviction...........................11

Conclusion.........................................13

## STATE COURT RECORD

Petitioner was indicted by the Kings County Grand Jury under indictment number 6791/99, and after a jury trial was convicted of one count of murder in the first degree, and one count of criminal possession of a weapon in the second degree, and two counts of probation violation.

Petition was sentenced to an indeterminate term of 25 years to life on the murder conviction, a definite term of 15 years for the weapon conviction, 1 1/3 to 4 years for one of the probation violations, and 5 to 15 years on the second probation violation. Petitioner was sentenced to a cumulative term of 46 1/3 years to life.

Petitioner's conviction was affirmed by the Appellate Division, Second Judicial Department on December 30, 2002, and leave to the New York State Court of Appeals was denied on February 27, 2003.

Petitioner's case was served from codefendant Shiloh Hylton's case in advance of trial.

## POINT ONE

Petitioner's statement to the police should have been suppressed because he was represented by counsel on unrelated charges.

In response to point one of the people's opposition that the trial use of petitioner's statement was harmless and that no legal basic exist for the trial court not to allow its use at trial. This is clearly shown to be false by the ruse crafted by the police department and prosecutorial agenies in obtaining the statement.

They made it appear that petitioner was being released from custody since while petitioner was in custody he could not be interrogated. A close review of this ruse that was crafted to interrogate petitioner reveal that petitioner was never actually released from custody. (See; Appellant's Brief at p.p. 16-21).

It has been clearly established that a defendant is in custody and has counsel that the police should cease all questioning whether the charge is related or unrelated to the charge upon which he had counsel. Its also has been clearly established that any further questioning in the absence of counsel is both a state and federal constitutional violation of a defendant's rights. Thus, clearly refuting the people's position that petitioner's claim under this issue arises solely under New York State Law and not Federal Law (See; people's opposition, memorandum of law, p.2).

Petitioner pursuant to 280 U.S.C. 2254 (a) is required to establish that he is in custody in violation of the con-

-2-

stitution or law or treatise of the United States. In addition, because petitioner's conviction became final on February 27, 2003, this petition is subject to the provisions of the (AEDPA).

Under this standard issue or claims that were adjudicated on the merits by the New York State Courts, are reviewable under 28 U.S.C 2254 (d) as amended in 1996, and this statue provides that:

An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgement of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim;

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In the case at bar, the Appellate Division, Second Judicial Department's ruling that contrary to defendant's contentions that the use of the illgotten statement directly contributed to the juries verdict of guilt. The Appellate Division's ruling resulted in a decision that was contrary to clearly established federal law as determined by the Supreme Court of the United States. This was clearly supported by the cited case of Arizona v. Fulminate, 499 U.S. 279, 296 (1991). The Supreme Court stated in Fulminate, that a confession is like no other evidence in that it has a profound impact upon the finders of fact.

In the state court proceeding appellant presented the fact that identification was a key issue in this case, thus, the use of the ill-gotten statement that stated that the appellant had knowledge of the robbery prior to it, thereby placing appellant at the scene of the crime had to directly contribute to the verdict. Although appellant used the Supreme Court cite of <u>Arizona</u> v. <u>Fulminante</u>, the state court failure to recognize this Supreme Court precedent.

This is clearly supported by the statue which states that a state court's decision involves an unreasonable application of clearly established federal law when it judges a case under an objective standard (see; <u>Francis</u> v. <u>Stone</u>, 221 F.3d 100, 111 [2nd Cir. 2000]). Although the second circuit ruled that while <u>some</u> increment of incorrectness beyond error is required, that increment need not be great, otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence (see; <u>Jones</u> v. <u>Stinson</u>, 229 F.3d 112, 119 [2nd Cir. 2000]). Thus, a state court's determination may be set aside under the [AEDPA] standard if under clearly established federal law the state court was unreasonable (as is the case at bar) in refusing to extent the governing legal principle to a context in which the principle should have controlled.

This claim should be granted under the habeas corpus statue.

## POINT TWO

> Petitioner was denied a fair
> trial because the prosecutor
> elicited that defendant declined
> to make a videotaped statement.

In response to point two of the people's opposition that the defendant declined to make a videotaped statement is meritless in view of the fact that the evidence was overwhelming.

At trial, and over the objections of petitioner Detective Hinrichs, the investigating detective in this case was allowed to testify no less than three times that petitioner refused to make a videotape statement by refusing to speak with a representative from the Kings County District Attorney's Office. This testimony of detective Hinrichs was not followed by any curative instructions to the jury (see; Appellant Brief at p.p. 9-14, for rest of facts concerning this issue).

It has been a well established legal standard held by t~~eh~~-th the courts that a defendant's pre-trial silence may not be used against him to impeach his credibility or to establish any form of consciousness of guilt (see; Griffin v. California, 380 U.S. 609, 615 [1965]). The court's have further held that to allow a prosecutor to call attention to a defendant's pre-trial silence during trial is a violation of a defendant's due process rights and rights to equal protection of the law under both the fifth and fourteenth amendents of the United States constitution.

The fifth amendment of the United States constitution clearly states that no person shall be compelled in any criminal proceeding to be a witness against themselfs. Detective Hinrichs testimony concerning petitioner's declining to make a videotape statemnet

after allegedly making an oral statement had the effect of petitioner being a witness against himself and thus was clearly a violation of petitioner's constitutional right to remain silent.

The fourteenth amendment of the United States constitution clearly stated that no person shall be deprived of life, liberty, or property without due process of law or equal protectionof the law. Detective Hinrichs's testimony clearly violated petitioner's constitutional rights under the fourteenth amendment and the trial court's failure to give any curative instructions was clear error that allowed the jury to infer that petitioner had a consciousness of guilt. Thus, this constitutional violation was not harmless erroe.

The people attempt to pass this constitutional violation off as harmless error in view of the fact that the evidence was allegedly overwhelming and that the trial court allegedly gave some from of curative instructions. A review of the trial record clearly support the fact that no curstive instructions were given concerning detective Hinrichs's testimony, and the evidence in this case was allowed in total violation of the constitution.THus, harmless error should not apply.

The Appellate Division, Second Judicial Department made a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. 2254 (d)(2) concerning this issue.

In the state court proceeding petitioner presented supported facts that detective Hinrichs testified three times concerning petitioner's request to remain silent concerning not making the videotape statement after allegedly making an oral statement.

-6-

In addition petitioner presented the fact that no curative instructions were given and that this error contributed to the jury's determination of guilt.

In opposition to this in the state court the people attempted to pass off the trial court's charge as a form of curative instructions, but fail to support the fact that any instructions were given immediately after this offending testimony of detective Hinrichs.

In sum, concerning this issue petitioner should be granted relief due to the people's violation of both petitioner's fifth and fourteenth amendment rights under the United States constitution coupled with the fact that under 28 U.S.C. 2254 (d)(2) the state court decision was based upon an unreasonable determination of the facts in light of the evidence that was presented in the state court proceeding.

## POINT THREE

> No independent source existed
> for the identifications of
> petitioner.

In response to point three of the people's opposition that the trial court allowed two witnesses to identify petitioner at trial without any prior identification, is meritless and unsupported by the record.

At trial, two prosecution witness, Negesti Chung and Jamal Songui, identified petitioner as the perpetrator for the first time. Songui was not contacted by the police to view a line-up conducted several months after the charged incident. On the date of the charged incident, Songui stated that he was unable to see the gunman. Chung viewed the line-up but could not with certainty select the gunman from the array of men on view before her. Each of them, without a prior hearing on the issue of independent source, were allowed to identify petitioner at trial as the perpetrator (see; Appellant's Brief at p.p. 23-26 for facts concerning this issue).

These facts in themself totally refute the fact that the issue is unsupported by the record and that the issue is meritless. It has been clearly established that a conviction must be reversed if a particular identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification (see; Haberstroh v. Montanye, 493 f. 2d 483, 484 [2nd Cir. 1974]). Petitioner's position is that there can not be any more impermissibly suggestive identification then the one in the case at bar, whereas petitioner is seated in a

manner that plainly identifies him as the suspect in the case and the reliability of the witness's identification is at issue.

The Appellate Division, Second Judicial Department here again fail to recognize a long line of Supreme Court cases which resulted in a decision in the state court being contrary to clearly established federal law. The most important of these cases of course being United States v. Wade, 388 U.S. 218 (1967), whereas testimony of witnesses like Chung and Songui is not allowed because of its suggestiveness. This was clearly contrary to supreme precedent.

In Williams v. Taylor, 120 S.ct 1495 (2000) the court determined that the term contrary to has an independent meaning, it further stated that a decision is contrary to clearly established federal law when it applies a rule of law that contradicts the governing set fourth in the supreme court's case or when it confronts a set of facts that are materially indistionquishable from a decision of the supreme court and nevertheless arrives at a result different than the supreme court precedent (see; Williams, at 1519, also see; Lurie v. Wittner, 228 F.3d 113, 127 [2nd Cir. 2000]). In that event, a state court's ruling is contrary to supreme court precedent if it is diametrically different, opposite in character or nature, or mutually opposed to the relevant supreme court's decision (see; Lurie, at 228 F.3d at 127).

This ruling was also an unreasonable application of federal law under section 2254 (d) which permits relief in a much wider variety of cases, as it does not require that the supreme court's decision in question have address the exact facts or legal issues at bar, but only that it provide a principle of law that should have guided the state court see; William, at 1523). Specifically, this prong of the statue is implicated when the state court

-9-

identifies the correct governing legal principle from the supreme court's decision but unreasonably applies that principle to the facts of the prisoner's case.

Petitioner position is that no other situation or circumstance is more evident then the case at bar, where the facts of a case was mis-applied. Here two witnesses were allowed to make an in court identification without the prosecution meeting its burden of establishing an independent basis for the in court identification of petitioner. in addition the facts and circumstances of this case established that the people could have never established the basis for the in court identification, thus, without the constitutional violation under <u>United States</u> v. <u>Wade</u>, no legal conviction would exist which clearly supports that the error was not harmless.

This issue should be granted pursuant to 28 U.S.C. 2254 (d)(1) because the state court's decision was contrary to supreme court precedent and involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

## POINT FOUR

> The evidence was legally
> insufficient to support
> petitioner's conviction.

In response to point four of the people's opposition (see; p.p. 20-24, of the people's opposition) whereas the people assert that the evidence place before the trier of facts was legally sufficient to support petitioner's conviction.

Granted that petitioner has a heavy burden because the statue require the habeas court to view the evidence in the light most favorable to the prosecution and determine whether <u>any</u> rational trier of facts could have found all of the essential elements of the crime had been proven beyond a reasonable doubt (see; <u>Jackson v. Virginia</u>, 443 U.S. 307, 309 [1979], in RE <u>Winship</u>, 391 U.S. 144 [1968]). In addition any question concerning the sufficiency of the evidence is a mix question of fact and law (see; <u>Jackson</u>, at 310).

This is supported by the fact that the trial testimony fail to support the essential element of intent to kill Mr. Rosiclair. Thus, petitioner has been deprived of one of the most basic fundamental constitutional rights.

In the instant case, even if the trial testimony of all the people's witnesses were accepted in its complete form as true the essential element of intent to kill would still be missing. Thus, the charged crime would not have been proven beyond a reasonable doubt (see; Appellant'a Brief at p.p. 20-24).

Granted that under <u>Francis</u> v. <u>Stone</u>, 271 F.3d 100 (2nd Cir. 2000) this court must deter to the state court's decision if the state used the proper standard to determine the merits of the issue. However, <u>Stone</u>, also states that "Increment need not be great" otherwise habeas relief would be limited to state court's decisions so far off the mark as to suggest judicial incompetence <u>Stone</u>, at p.p. 109-111.

The missing element of petitioner's intent to kill in this case is the reason why the court's made the question of sufficiency of the evidence a mix question of law and fact. Here you have a jury convicting a person without an essential element of the charged crime. Thus, invalidating the verdict, because no conviction of an offense by verdict is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant's commission there of.

In sum, concerning this issue, of course the state court's (Appellate Division, Second Judicial Department) decision resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding under 28 U.S.C. 2254 (d)(2), it would have had to if the essential element of intent is missing. Thus, habeas corpus relief should be granted under this issue.

## CONCLUSION

FOR ALL OF THE REASONS PUT FOURTH IN THIS ANSWER AND MEMORANDUM OF LAW PETITIONER SHOULD BE GRANTED HABEAS CORPUS RELIEF.

Dated: April 26, 2004
Attica, New York 14011

Respectfully Submitted,

*Lonnie Tillery* ooA4366
Lonnie L. Tillery
Din# ooA4366
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

LONNIE L. TILLERY DIN# 00A4366
ATTICA CORRECTIONAL FACILITY
P.O. BOX 149
ATTICA, NEW YORK 14011-0149

APRIL 26, 2004

PRO-SE CLERKS OFFICE
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

RE: <u>LONNIE L. TILLERY</u> V. <u>CONWAY</u>, CU-04-317(ARR)

Dear Sir,

Please enclosed find an answer pursuant to Judge Allyne R. Ross's order, Dated January 30, 2004.

Thank you for your time, and assistance in this regard. **FURTHER**, Please note that under the penalty of perjury under the laws of the United States of America that I state that the District Attorney of Kings County has been served, via U.S. mail, a true and correct copy of this answer to the Honorable Allyne R. Ross.

Executed on: April 26, 2004



Sincerely,
Lonnie Tillery
00A4366.

c.c./file